**Mitchell Paul DOBRENEN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14636.**

United States Court of Appeals
Ninth Circuit.

June 26, 1956.

J. B. Tietz, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, Cecil Hicks, Jr., Los Angeles, Cal., for appellee.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

STEPHENS, Circuit Judge.

Appellant was charged with and convicted of wilfully refusing to submit to induction into the Armed Forces of the United States in violation of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq., § 462(a).[1]

Appellant registered originally in 1948 and filled in Series XIV of his classification questionnaire relating to conscientious objection, and later filed with the Board SSS Form 150, Special Form for Conscientious Objector. He was classified IV-E on November 8, 1950, and on November 23, 1951, was classified I-O.[2] He was sent, in 1952, an Application of Volunteer for Civilian Work, SSS Form 151, but returned it to the board without filling it in, with an accompanying letter in which he stated:

> "To whom it may consern [sic]. I am considering taking a job in a Defence [sic] Plant. (Aircraft or other.)
>
> "Thank you,
>
> "Mitchell Dobrenen."

The board then changed his classification to I-A and notified him of this, and within the required time he appealed from this classification and requested a personal appearance before the board. He was given this appearance but the board retained him in class I-A. He appealed this classification and his file was forwarded to the Appeal Board and he was in turn given an investigation and hearing by the Department of Justice, in accordance with applicable regulations. The Department of Justice recommended to the Appeal Board that appellant's claim for Conscientious Objector classi-

---

1. § 462(a) enacted: June 24, 1948, **c.** 625, Title I, § 12, 62 Stat. 622.
2. Under the law then applicable, IV-E was the designation of a conscientious objector. In 1951, the designation was changed to I-O, opposed to both combatant and non-combatant training and service; and I-A-O, conscientious objector available for non-combatant military service only.

fication be denied. The Appeal Board, on July 6, 1954, by a vote of 3-0, classified appellant I-A. He was ordered to report for induction but refused to be inducted into the Armed Services of the United States at the induction station. This prosecution and conviction followed.

Appellant, here on appeal from the judgment of the district court, argues for a reversal of conviction on several grounds, but we need discuss only his claim that he was denied procedural due process because he was not furnished with a copy of the recommendation of the Department of Justice to the Appeal Board.

At the time of the trial of this case, the opinion and decision in the case of Gonzales v. United States, 1955, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467, had not been handed down by the Supreme Court, and whether a copy of the Department's recommendation must go to the registrant had not been settled. It will be recalled that the Supreme Court said in its Gonzales, supra, opinion, 348 U.S., at page 414, 75 S.Ct., at page 413, that a registrant:

"was entitled to know the thrust of the Department's recommendation so he could muster his facts and arguments to meet its contentions. See Morgan v. United States, 304 U.S. 1, 18, 58 S.Ct. 773, 776 [999], 82 L.Ed. 1129."

and at page 417 of 348 U.S., at page 415 of 75 S.Ct.:

"We hold that the over all procedures set up in the statute and regulations, designed to be 'fair and just' in their operation, 62 Stat. 605, 50 U.S.C.App. § 451(c), 50 U.S.C.A.Appendix, § 451(c), require that the registrant receive a copy of the Justice Department's recommendation and be given a reasonable opportunity to file a reply thereto. * * *"

The government admits that appellant was not supplied with this recommendation but argues that the investigation and hearing by the Department of Justice developed no facts of which appellant was not aware prior to his hearing by the Department of Justice, and that the résumé of the investigative report given appellant before his hearing, which we set out in the margin,[3] plus the re-

---

3. Résumé of the Investigative Report: Re: Mitchell Paul Dobrenen, Conscientious Objector.

Records of Roosevelt High School, Los Angeles, California, reflect that the registrant attended that school from February 1944 to January 1947, at which time he was graduated. His grades were average and he was in no trouble while attending this school.

The minister of the Russian Christian Molokan Church advised that he has known the registrant since childhood and that the registrant has always attended his church and is carried as a regular member on the rolls. He stated that he believes the registrant is sincere and honest and that he has never caused any trouble of any kind and that he believes him to be sincere in his objection to military service. The registrant's reference gave much the same information. A leader of the Young Russian Christian Association advised that the registrant regularly attends meetings of the association as well as the Molokan Church.

The registrant was employed by U. S. Hardware and Paper Company from April to September, 1948. A company official advised that the registrant's work was satisfactory and that he would be eligible for rehire. He also stated that there was a note in the registrant's file indicating that he had given as a reason for leaving the employment that he was intending to enter the United States Army. From September 1948 to October 1951 the registrant was employed by Deates Sash and Door Company. The registrant was regarded as a good worker, conscientious and was not known to smoke or drink or ever cause any trouble at work. A supervisor stated, however, that the registrant went on his vacation and then started to work for another man and never came back to work again. It was the supervisor's feeling that the registrant should have given notice before quitting because he left during the rush season. The registrant has been employed by Wininger and Son since October 12, 1951. The registrant is described as a hard-working, dependable and conscientious person. A fellow employee advised that he has known the registrant for approximately fifteen

maining material in appellant's Selective Service file, contained all of the information alluded to in the Department's letter of recommendation and thus no prejudice can be shown by appellant. We do not agree that the failure to send appellant a copy of the recommendation is not prejudicial to him. The recommendation letter refers factually and argumentatively to the investigative report and concludes with the flat recommendation that appellant's claims be denied *in toto*. The Department of Justice letter of recommendation is set out in the margin.[4]

In the Gonzales case, supra, the Supreme Court said, 348 U.S., at page 413, 75 S.Ct., at page 412:

"Furthermore, if the registrant is to present his case effectively to the Appeal Board, he must be cognizant of all the facts before the Board *as well* as the over-all position of the Department of Justice. * * *"
[Emphasis supplied.]

It may be that all of the facts set out in the recommendation letter were well known to appellant, but appellant had a right to know how they were presented to the board. He could not know how to

years. He stated that he, himself, had served in the United States Army but is of the same faith as the registrant. He stated that the registrant is honest and hard working and does not smoke or drink. He advised that he believes him to be sincere in his religious convictions and objections to military service. He stated that the registrant attends church and Bible study classes regularly. A statement in the registrant's file dated by the Local Board November 10, 1952, signed by the registrant, reads as follows:

"I am considering taking a job in a Defence [sic] Plant. (Aircraft or other.)"
The investigation, however, did not reveal that the registrant has been employed in a defense plant.

4. "Department of Justice,
"Washington, D. C.
"June 22, 1954
"Chairman, Appeal Board,
"Southern District of California,
"Panel No. 1, Selective Service System,
"1206 South Santee Street,
"Los Angeles, California.
"Dear Sir: Re: Mitchell Paul Dobrenen,
"Conscientious Objector
"As required by section 6(j) of the Universal Military Training and Service Act, an inquiry was made in the above-mentioned case and an opportunity to be heard on his claim for exemption as a conscientious objector was given to the registrant by Honorable David H. Cannon, Hearing Officer for the Southern District of California.
"The registrant is twenty-five years of age and has a high school education. He is a member of the Russian Christian Molokan Church and claims exemption from both combatant and noncombatant military service.

"A resume of the investigative report made in this matter is attached hereto and made a part hereof.
"The registrant appeared personally for his hearing, accompanied by Reverend Jack Green, a member of the Church of the Brethren.
"The Hearing Officer reported that the registrant's activities within his church are rather infrequent, being confined primarily to attendance at funerals and marriages of his friends. He attends church meetings infrequently because the proceedings are all in Russian and he cannot understand the language.
"The Hearing Officer reported that the registrant was not entirely clear on any objections he may have to engaging in the war effort either as a combatant or as a noncombatant, but such objections as the registrant made were based primarily upon the doctrine, 'Thou shalt not kill.' The Hearing Officer concluded from all the evidence that the registrant's conscientious-objector claim was not based on religious training and belief and that the registrant's claim is not made in good faith. Accordingly, the Hearing Officer recommended that the registrant's claim be not sustained.
"After consideration of the entire file and record, the Department of Justice finds that the registrant's objections to combatant and noncombatant service are not sustained. It is therefore, recommended to your Board that the registrant's claim for exemption from both combatant and noncombatant training and service be not sustained.
"The Selective Service Cover Sheet in the above case is returned herewith.
"Sincerely,
"T. Oscar Smith
"Special Assistant to the Attorney General."

answer without knowing the questions and the material upon which they were premised.

Reversed.

CHAMBERS, Circuit Judge, concurring.

I concur in the result herein on the ground that the résumé of the investigative report given the registrant Dobrenen was not a fair summary of the report and recommendation furnished the Appeal Board of the Selective Service System at Los Angeles by the Department of Justice. The summary is not particularly adverse to the registrant; the full report is.

I am not sure that if the résumé had been an accurate summary of the recommendation that Gonzales v. United States, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467, would require us to reverse. Of course, as pointed out by Judge Stephens, the trial court did not have the advantage of the Gonzales case which was handed down after the trial.

JAMES ALGER FEE, Circuit Judge, concurring.

I concur in the result.